FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2021 NOV 15 PM 4: 10

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br>*Plaintiff*,<br>v.<br>IFTIKAR AHMED,<br>*Defendant*, and<br><br>IFTIKAR ALI AHMED SOLE PROP; I-CUBED DOMAINS, LLC; SHALINI AHMED; SHALINI AHMED 2014 GRANTOR RETAINED ANNUNITY TRUST; DIYA HOLDINGS LLC; DIYA REAL HOLDINGS, LLC; I.I. 1, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; I.I. 2, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents; and I.I. 3, a minor child, by and through his next friends IFTIKAR and SHALINI AHMED, his parents,<br><br>*Relief Defendants*. | Civil No. 3:15cv675 (JBA)<br><br>November 8, 2021 |

**ORDER GRANTING MOTION FOR ORDER SUBSTITUTING STEPHEN M. KINDSETH, ESQ. AS RECEIVER**

On December 20, 2018, the Court appointed attorney Jed Horwitt as Receiver to value, manage, and liquidate frozen assets necessary to secure a judgment against Defendant Iftikar Ahmed [Doc. # 1070]. For health reasons, Mr. Horwitt has moved to substitute attorney Stephen M. Kindseth as Receiver in this case [Doc. # 2007]. The Securities and Exchange Commission ("SEC") supports Mr. Horwitt's motion [Doc. # 2048]; Defendant and the Relief Defendants oppose it [Docs. ## 2025, 2026]. For the following reasons, Mr. Horwitt's motion is GRANTED.

**I. Background**

**A. Procedural History**

The Court assumes the parties' familiarity with the background of this litigation. The facts set forth below are those relevant to the instant motion.

On August 12, 2015, the Court ordered certain of Defendant and Relief Defendants' assets to be permanently frozen during the pendency of the litigation to satisfy any judgment against Defendant. (Ruling and Order Granting Preliminary Injunction [Doc. # 113].) On November 28, 2018, the Court conducted a hearing evaluating potential candidates to serve as Receiver to manage these frozen assets and to prepare them for liquidation [Doc. # 1038]. The Court appointed Mr. Horwitt. (Order Appointing Receiver [Doc. # 1070].) In the interim three years, Mr. Horwitt has overseen and managed the Receivership Estate. However, in 2020, Mr. Horwitt experienced a series of medical setbacks. (Mot. for Order Substituting Stephen Mr. Kindseth, Esq. as Receiver ("Mot. for Substitution") [Doc. # 2007] at 4.) These setbacks prompted his motion to substitute Mr. Kindseth as Receiver.

### B. Mr. Kindseth's Qualifications

During the time Mr. Horwitt has served as Receiver, Mr. Kindseth has been closely engaged with the Receivership at each stage. He joined Mr. Horwitt at the Appointment Hearing and has served as Mr. Horwitt's lead counsel handling the Receivership with him. (Mot. for Substitution at 3.) As lead counsel, Mr. Kindseth has had exposure to the variety of assets in the Receivership Estate and the issues this litigation presents. (*Id.* at 6.) For instance, Mr. Kindseth was directly involved in the devising and drafting the Receiver's Report and accompanying Plan of Liquidation, submitted in April 2019; and he is currently involved in the drafting of a revised liquidation plan, along with Attorney Christopher Blau who has handled much of the day-to-day legal work. (*Id.* at 3, 6.)

Mr. Kindseth's experience extends beyond his work in this matter. He serves as lead counsel to a receiver in another matter in this District. (*Id.*) He has also represented "numerous Chapter 11 debtors-in-possession, creditors' committees, and trustees in virtually all facets of bankruptcy reorganizations and liquidations." (*Id.*; *see also* Receiver's Consolidated Reply to Def. and Relief Defs.' Opp'n to Receiver's Mot. for Order Substituting Stephen M. Kindseth, Esq. as Receiver ("Receiver's Reply") [Doc. # 2043] at 5-6 (detailing Mr.

2

Kindseth's relevant experience).) In addition, Mr. Kindseth has received state-wide, as well as national, recognition for his work. (*Id.* at 6.)

## II. Discussion

Due to the complexity of this matter and because his recent medical history, Mr. Horwitt requests that the Court substitute Mr. Kindseth for him as Receiver of the Receivership Estate. (Mot. for Substitution at 2.) He argues that substituting Mr. Kindseth is appropriate because it is in the best interests of Receivership Estate and will ensure that the duties of the Receiver will continue to be fulfilled without a hitch, as Mr. Kindseth is "perfectly situated" to assume the responsibilities of the Receiver. (Mot. for Substitution at 5.) The SEC agrees: "as evidenced by the past approximately 1,000 filings since he entered his appearance, Mr. Kindseth is both qualified and has invaluable experience with and knowledge of the issues in this case, the multitude of Court Orders, the frozen assets, and the plan of liquidation." (Pl. SEC's Reply in Supp. of the Receiver's Mot. for Order Substituting Stephen M. Kindseth, Esq. as Receiver ("SEC Reply") [Doc. # 2048] at 3.)

Defendant opposes the substitution on several grounds: (1) Mr. Horwitt has not moved to withdraw from another case in this District, calling into question the seriousness of his health problems; (2) Mr. Horwitt, and Mr. Kindseth acting as counsel, have not "been loyal" to the Receivership Estate; and (3) the Court should consider other receivers in addition to Mr. Kindseth rather than substituting him upon Mr. Horwitt's motion. (Opp'n to Motion for Order Substituting Stephen M. Kindseth, Esq. as Receiver ("Def.'s Opp'n") [Doc. # 2025] at 2-6.) The Relief Defendants echo these positions. (*See generally* Resp. in Opp'n to Mot. for Order Substituting Stephen M. Kindseth as Receiver ("Relief Defs.' Opp'n") [Doc. # 2026].)

"Appointment of a receiver in an SEC enforcement action is within the Court's equitable discretion." *SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987); *Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 63 (2d Cir. 1965) ("While it is true that the [Securities] Act

3

does not explicitly provide for appointment of receivers, there is little reason to doubt that equitable power exists."). Selection of that receiver likewise rests within the Court's discretion. *See United States v. Van Leuzen*, 816 F. Supp. 1171, 1184 (S.D. Tex. 1993); *Jenkins v. Purcell*, 29 App. D.C. 209, 213 (1907).

The Court finds persuasive Mr. Horwitt's arguments that Mr. Kindseth is "perfectly situated" to be substituted as Receiver. (*See* Mot. for Substitution at 5.) The Court ordered the assets subject to the Receivership Estate Frozen over six years ago, (*see* Ruling and Order Granting Preliminary Injunction [Doc. # 113]), and appointed Mr. Horwitt as Receiver nearly three years ago, (*see* Order Appointing Receiver [Doc. # 1070]). This matter is now on the verge of finalizing a liquidation plan. (*See* Mot. for Substitution at 7; Receiver's Liquidation Plan [Doc. # 2022].) Mr. Horwitt managed the nine-figure Receivership Estate[1] over this three-year span as Receiver with the help of Mr. Kindseth, as lead counsel. Given the protracted nature of this case and its current posture, as well as Mr. Kindseth's familiarity with it, the Court concludes that he is an appropriate replacement.

Conversely, Defendant and Relief Defendants' assertions in opposition are unavailing. First, the expansive and complex character of this litigation sets it apart. Thus, it is not unreasonable for Mr. Horwitt to lighten his workload by stepping down from his duties as Receiver in this case without relinquishing his responsibilities in *every* case in which he plays some role. Second, any contention that either Mr. Horwitt, or Mr. Kindseth acting as lead counsel, has not been loyal to the Receivership Estate goes to Defendant and Relief Defendant's quibbles with the Receiver's discretionary decision-making in managing the Receivership Estate. These actions were taken with the Court's knowledge and, in many cases, at its direction.[2] Finally, Defendant and Relief Defendants' request that the Court hold

---

[1] This is an approximate figure. (*See* Ex. A, Receiver's Liquidation Plan [Doc. # 2022-1] at 4.)
[2] For example, Defendant takes issue with the Receiver's decision against renting apartments which are assets to the Receivership Estate—a decision that was approved by the Court. (*See* Ruling Denying Relief Defs.' Mot. to Immediately Rent Two NYC Apartments [Doc. # 1822].)

4

another hearing to select a new Receiver, while facially reasonable, would not be pragmatic at this juncture. To appoint a new Receiver who has no familiarity with this case would be costly, time-consuming, and redundant.

This litigation has reached the bottom of the inning with runners in scoring position. And with Mr. Horwitt's health in decline, he asks the Court to appoint Mr. Kindseth to finish the inning. Defendant and Relief Defendants would have the Court double back to first base by starting the search for a Receiver anew. The better course is to substitute Mr. Kindseth, a player who already knows the field.

## III.  Conclusion

For the foregoing reasons, Court-appointed receiver Mr. Horwitt's Motion for Order Substituting Stephen M. Kindseth, Esq. as Receiver [Doc. # 2007] is GRANTED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of November 2021.

---

Defendant also argues that the Receiver used Trust assets for impermissible purposes when he released funds to pay Aquasentry Water Systems, Jenner & Block LLP, and Murtha Cullina. (Def.'s Opp'n at 4.) Again, these payments were ordered by the Court. (*See* Notices regarding payments to Aquasentry Sys. [Docs. ## 1658, 1667, 1774, 1809,]; Notice regarding payment to Jenner & Block LLP [Doc. # 1911]; and Notice regarding payment to Murtha Cullina LLP [Doc. # 1998].) Moreover, Defendant cites to a notice of appearance by Attorney Eric Henzy on behalf of Receiver Jed Horwitt, claiming Mr. Horwitt added people to his team "without Court authorization." (Def.'s Opp'n at 4 (citing Notice of Appearance by Eric A. Henzy [Doc. # 1815].) There is nothing untoward about an attorney associated with Mr. Horwitt's law firm filing a notice of appearance. *See* D. Conn. L. Civ. R. 5(b) ("[A]ny counsel who wishes to address the court on behalf of any party or non-party shall file an appearance.").

5

# EXHIBIT E